

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SOT2, LLC, successor in interest to PNC BANK, NATIONAL ASSOCIATION, successor in interest by merger to NATIONAL CITY BANK,<br><br>        Plaintiff,<br><br>v.<br><br>PHILIP JOHNSON, WHISPERING WINDS CONDOMINIUM ASSOCIATION, a not-for-profit corporation,<br><br>        Defendants. | Case No.: 1:12-cv-03595<br><br>Assigned Judge:<br>Hon. Harry D. Leinenweber<br><br>Magistrate Judge:<br>Nan R. Nolan |

## CONSENT JUDGMENT OF FORECLOSURE

NOW COMES for hearing the merits of the Amended Complaint (the "Complaint") filed herein by plaintiff, first position mortgage holder, SOT2, LLC, successor in interest to PNC Bank, National Association, a national banking association, successor in interest by merger to National City Bank (the "Plaintiff" or the "LLC") and upon Plaintiff's Motion for Entry of Judgment of Foreclosure by Consent Pursuant to 735 ILCS 5/15-1402 this Court, having considered the evidence and arguments of counsel and being advised in the premises, makes these Findings:

### I. JURISDICTION

A. The following Defendants have each been properly served with a summons and a copy of the Complaint, and having failed to answer said Complaint or otherwise enter any appearance herein although more than thirty days have passed since such service, are

ordered defaulted: Philip Johnson and Whispering Winds Condominium Association.

B. The following Defendants filed responsive pleadings herein by counsel as shown: None.

C. The Defendant/Mortgagor, Philip Johnson, is of record before the Court as a result of and pursuant to his written Stipulation pursuant to 735 ILCS 5/15-1402 consenting to the entry of a consent foreclosure in the above-captioned cause filed as an exhibit to Plaintiff's Motion for Entry of Judgment of Foreclosure by Consent Pursuant to 735 ILCS 5/15-1402.

D. The Court specifically finds service of process in each instance was duly and properly made.

E. This court has jurisdiction over all the parties hereto and the subject matter presented herein.

## II. EVIDENTIARY FINDINGS

A. Plaintiff is the successor in interest to the original party plaintiff herein, PNC Bank, National Association, a national banking association, successor in interest by merger to National City Bank, pursuant to Plaintiff's purchase of the loan documents at issue in the above-captioned cause pursuant to an Assignment of Mortgage dated July 11, 2012 (that was recorded with the Cook County Recorder on July 25, 2012 as Document No. 1220734080) whereby PNC assigned all of its right, title and interest under the subject Note and Mortgage to Plaintiff. A true and correct copy of

the Assignment is attached to the Complaint as Exhibit "A" and is admitted into evidence.

B. Attached to the Complaint as Exhibit "C" is a copy of the said mortgage and as Exhibit "B" is a copy of a note secured thereby. Exhibits "C" and "B" are admitted into evidence, and any originals presented may be withdrawn.

C. Information concerning mortgage:

1. Nature of the Instrument: Mortgage

2. Date of the Mortgage: December 20, 2002

3. Name of the Mortgagor: Philip Johnson

4. Name of the Mortgagee: SOT2, LLC, successor in interest to PNC Bank, National Association, a national banking association, successor in interest by merger to National City Bank

5. Date and place of recording of Mortgage: Recorded February 13, 2003 with the Cook County Recorder

6. Identification of recording: No. 0030212238

7. Estate Conveyed: Fee Simple

8. Amount of Original Indebtedness, including subsequent advances made under the mortgage: $350,000.00

9. Legal Description and common address of Mortgaged Premises:

   a. Legal Description:

   PARCEL 1: UNITS 4062-1A, 4062-1B, 4062-2A, 4062-2B, 4062-3A, AND 4062-3B IN ARLINGTON GROVE CONDOMINIUMS AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE: PART OF THE NORTH ½ OF SECTION 1, TOWNSHIP 42 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN THE COOK COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM OWNERSHIP RECORDED AS DOCUMENT 25364419, AS AMENDED FROM TIME TO TIME, TOGETHER WITH THEIR UNDIVIDED

PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS.

PARCEL 2: EASEMENTS FOR INGRESS AND EGRESS FOR THE BENEFIT OF PARCEL 1 AS SET FORTH AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NO. 25364419, AS AMENDED FROM TIME TO TIME, ALL IN COOK COUNTY, ILLINOIS.

    b.    Common Address: 4062 Bonhill Drive, Arlington Heights, Illinois 60005

    c.    Permanent Index No.: 02-01-200-083-1127, 02-01-200-083-1128, 02-01-200-083-1129, 02-01-200-083-1130, 02-01-200-083-1131, and 02-01-200-083-1132

10. Statement as to defaults: The Mortgagor has not paid the monthly payments required to be paid on the Note and the secured Note is default and arrears in the amounts set forth below as of April 17, 2012:

| | |
|---|---|
| Principal: | $ 279,688.42 |
| Interest: | $ 8,066.35 |
| Late Charges: | $ 949.98 |
| **TOTAL:** | **$ 288,704.75** |
| PLUS: Per diem $412.89 (722 days x 412.89) | |
| | $ 298,106.58 |

**GRAND TOTAL AS OF DECEMBER \_\_\_, 2012**    $

11. Name of present owner(s) of said premises: Philip Johnson.

12. Names of other persons who are joined as Defendants and whose interest in or lien on the mortgage real estate is sought to be terminated:

    a.    Whispering Winds Condominium Association.

13. Capacity in which Plaintiff brings this suit: As "mortgagee" as that term is defined at 735 ILCS 5/15-1208 and holder of the note and mortgage attached to the Complaint as Exhibits "A" and "B".

14. The right of redemption has been waived by all the owners of redemption in the mortgage and pursuant to the borrower's/mortgagor's Stipulation pursuant to 735 ILCS 5/15-1402 filed and of record before the Court as an exhibit to Plaintiff's Motion.

15. That the interest of Philip Johnson and Whispering Winds Condominium Association after having been properly served with Summons and Complaint, are hereby terminated and the Plaintiff's interest is superior to the interest of Whispering Winds Condominium Association.

### III. DEEMED ALLEGATIONS PROVED

A. On the date indicated in the Complaint the obligor of the indebtedness secured by the mortgage, Philip Johson, was justly indebted in the amount of the indicated original indebtedness to the original mortgagee or payee of the mortgage note.

B. Attached to the Complaint as exhibits are true and correct copies of the mortgage and note and all other documents attached thereto.

C. The mortgagor was, at the date indicated in the Complaint, owner of the interest in the real estate described in

the Complaint and as of that date made, executed and delivered the mortgage as security for the note or other obligations.

D. The mortgage was recorded in the county in which the mortgaged real estate is located, on the date indicated, in the book and page or as the document number indicated.

E. Defaults occurred as indicated in the Complaint.

F. The person named as present owner is the owner of the indicated interests in and to the real estate described.

G. The mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate and Plaintiff's lien is prior and superior to the right, title, interest, claim or lien of all parties whose interests in the mortgaged real estate are terminated by this foreclosure.

H. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by the Plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

I. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

J. Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

K. The amount indicated to be due is broken down in the statement in the Complaint or in the evidence or affidavits correctly stated and if such breakdown indicates any advances made or to be made by the Plaintiff or owner of the mortgage indebtedness, such advances were, in fact, made or will be required to be made, and under and by virtue of the mortgage the same constitute additional indebtedness secured by the mortgage.

## IV. FEES AND COSTS

A. Plaintiff has been compelled to employ and retain attorneys to prepare and file the Complaint and to represent and advise the Plaintiff in the foreclosure of the mortgage, and the Plaintiff has and will thereby become liable for the usual, reasonable and customary fees of the attorneys in that behalf.

B. The Plaintiff has been compelled to advance or will be compelled to advance, various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring abstracts of title, foreclosure minutes and a title insurance policy.

C. Under the terms of the mortgage, all such advances, costs, attorneys' fees and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the Plaintiff is entitled to recover all such advances, costs, attorneys' fees, expenses and disbursements, together with interest on all advances

at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

D.  In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

E.  In order to protect and preserve the mortgaged real estate, it has or may also become necessary for the Plaintiff to pay fire and other hazard insurance premiums on the real estate or to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

F.  Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

### V. ULTIMATE FINDINGS

A.  The allegations of Plaintiff's Complaint are true substantially as set forth, the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief requested in the complaint including foreclosure of said mortgage upon the real estate described therein in the amount of the Total Balance Due, as found in Article II, paragraph B(10) above, together with interest thereon at the statutory rate after the entry of this judgment and

additional court costs, including publication costs and expenses of sale.

B. All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest.

C. Said real estate is free and clear of all liens and encumbrances except:

1. General real estate taxes for the year 2012 and thereafter.

2. Plaintiff's said mortgage ordered foreclosed herein.

D. Plaintiff's said mortgage is prior and superior to all other mortgages, claims of interests and liens upon said real estate except for real estate taxes and special assessments, if any, and except for any mortages or liens found herein to be prior and superior to Plaintiff's mortgage or prior liens of non-parties.

E. The sum of attorney fees allowed herein as stated above is the fair, reasonable and proper fee to be allowed to Plaintiff as attorney's fees in this proceeding in accordance with the terms of the note and mortgage given to Plaintiff by said Defendants, which should be added to and become a part of the indebtedness due to Plaintiff.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that a Consent Judgment of Foreclosure is granted to Plaintiff and against all Defendants.

**IT IS FURTHER ORDERED:**

### VI. ORDER UPON DEEMED REQUEST FOR FORECLOSURE

A.  An accounting has been taken under the direction of the court of the amounts due and owing to the Plaintiff as declared herein.

B.  The Court finds that there is a lienholder junior to that of the plaintiff, Whispering Winds Condominium Association, which would have had a right to redeem pursuant to 735 ILCS 5/15-1402(b). Said lienholder has not objected and therefore its right to redeem is hereby terminated and its interest in the mortgage property foreclosed.

### VII. TRANSFER OF TITLE

A.  This Court hereby finds and Orders that by virtue of the entry of this Consent Judgment, that title shall immediately vest in the Plaintiff, SOT2, LLC. This Consent Judgment may be recorded and shall and does convey good and marketable title to Plaintiff and is exempt from all transfer taxes.

B.  This Consent Judgment is entered subject to an additional title search by Plaintiff after recording of this Consent Judgment to confirm that no additional liens have been recorded prior to the recording of this Consent Judgment. If additional liens have been

recorded which would not be foreclosed by this consent judgment, Plaintiff may vacate this Consent Judgment upon motion.

C. Notwithstanding anything in this Consent Judgment to the contrary any and all indebtedness owed by the mortgagor/borrower, Philip Johnson, to Plaintiff by virtue of the terms and provisions of the note and mortgage attached to the Complaint is hereby satisfied by this Consent Judgment entered pursuant to and in accordance with 735 ILCS 5/15-1402 and which vests absolute title to the mortgaged real estate in the Plaintiff free and clear of all claims, liens and interests, including all rights of reinstatement and redemption, of all other parties herein.

### VIII. OTHER MATTERS

A. APPEALABILITY. This is a final order of this Court as it disposes of all issues between the parties and that there is no just reason to delay enforcement or appeal.

DATE: 1/17, 2012

ENTER:

_____
Honorable Harry D. Leinenweber,
District Judge

Prepared by:
Timothy J. Somen (ARDC#6279438)
McFadden & Dillon, P.C.
120 S. LaSalle Street
Suite 1335
Chicago, Illinois 60603
(312) 201-8300